## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ANDREW WALKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CV-716 SRW |
| EBAY, INC., | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM AND ORDER

Self-represented Plaintiff Andrew Walker brings this patent infringement action against Defendant eBay, Inc. The matter is now before the Court on two motions filed by Plaintiff. First, Plaintiff seeks leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As a result of the Plaintiff proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e)(2). After such review, the Court will require Plaintiff to show cause as to why this action should not be dismissed for lack of proper venue. *See* 28 U.S.C. §§ 1391, 1406(a). Second, Plaintiff seeks appointment of counsel. ECF No. 3. As there is no constitutional right to appointment of counsel in civil cases, and it would be premature to grant appointment at this early stage in the proceeding, the Court will deny Plaintiff's motion for counsel, subject to refiling at a later date.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Self-represented Plaintiff is a frequent *pro se* and *in forma pauperis* litigant before this Court.[1] He brings this patent infringement action against eBay, Inc., which he identifies as a

---

[1] *See Walker v. Higgins*, No. 4:96-cv-851-CDP (E.D. Mo) (dismissed June 5, 1996 for lack of subject matter jurisdiction); *Walker v. Lowe's Home Improvement Warehouse*, No. 4:05-cv-782-JCH (E.D. Mo) (summary judgment

-2-

California corporation with its principal place of business in California. ECF No. 1 at 1. Plaintiff describes himself as an inventor who owns Walkerfeller Investors LLC, which "creates, originates, offers for sale, and sells unique aroma fragrant products in the home and garden markets, on the boardwalk of Venice Beach, and throughout the United States." *Id.* at 1-2. Plaintiff resides in Missouri but Walkerfeller's principal place of business is in California, and California is also where Walkerfeller "primarily sells its products." *Id.* The products sold include a line of "aroma fragrant dispensers" which are covered by Plaintiff's U.S. design patents. *Id.* Plaintiff alleges that eBay has infringed his rights under his design patents by selling the same types of products – "namely decorative genie bottles" – in direct competition with Walkerfeller. *Id.* at 2-3. Plaintiff attached a copy of his U.S. Design Patent No. D593,191, entitled "Fragrant Oil Burning Lamp" and issued May 26, 2009. ECF No. 1-3 at 1. Plaintiff seeks monetary damages for lost profits and willful infringement. ECF No. 1 at 4-5.

**Show Cause Regarding Proper Venue**

Plaintiff states that venue is appropriate in this judicial district based on 28 U.S.C. § 1391(b) and 1400(b), alleging that Defendant eBay does business in this district and has sold infringing products here through the internet. ECF No. 1 at 2. According to 28 U.S.C. § 1391(b), venue is proper in a civil action brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

granted Oct. 12, 2006 to defendant); *Walker v. Covance Clinical Rsch. Unit, Inc.*, No. 4:08-cv-1117-CAS (E.D. Mo) (transferred Aug. 18, 2008 to W.D. Wis.); *Walker v. Twentieth Century Fox Film Corp.*, No. 4:10-cv-527-AGF (E.D. Mo) (dismissed Apr. 5, 2010 for lack of proper venue); *Walker v. United Parcel Serv. Co.*, No. 4:12-cv-1053-JAR (E.D. Mo) (stipulation for dismissal entered by parties Oct. 1, 2012); *Walker v. State Farm Mut. Auto. Ins. Co.*, No. 4:13-cv-2331-JCH (E.D. Mo) (dismissed Dec. 9, 2013 pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Walker v. City of Ferguson*, No. 4:13-cv-2443-JCH (E.D. Mo) (dismissed Dec. 5, 2013 pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Walker v. Weber*, No. 4:14-cv-114-AGF (E.D. Mo) (dismissed June 11, 2014 pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Walker v. Elite Auto Shipping Inc.*, No. 4:22-cv-357-SRC (E.D. Mo) (dismissed July 22, 2022 for lack of subject matter jurisdiction); *Walker v. Best Buy Inc.*, No. 4:22-cv-447-HEA (E.D. Mo) (dismissed June 28, 2022 pursuant to 28 U.S.C. § 1915(e)(2)(B)).

  (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

  (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Furthermore, under 28 U.S.C. § 1400, a "civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

  However, in 2017, the Supreme Court clarified that for patent cases brought against domestic corporations, "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 137 S. Ct. 1514, 1517 (2017). The Federal Circuit Court has established three requirements for determining whether a corporate defendant has "a regular and established place of business" within the district: (1) the corporation must have "a physical place in the district"; (2) the place "must be a regular and established place of business" – that is, the defendant's place "must for a meaningful time period be stable [and] established"; and (3) the place must be "the place of the defendant." *In re Cray Inc.,* 871 F.3d 1355, 1360-63 (Fed. Cir. 2017). If any of these three requirements are not met, then venue is not proper under § 1400(b). *Id.* at 1360.

  Based on controlling Federal Circuit law, Plaintiff bears the burden of establishing proper venue under the patent-specific venue statute §1400(b). *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Defendant eBay is incorporated in California and also has its principal place of business there. As such, eBay "resides" in California for purposes of the patent-specific venue statute. There is no indication in the Complaint that eBay has any physical presence in Missouri. Furthermore, having a registered agent in Missouri is not enough to constitute a physical presence

here.² *See Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 931 (E.D. Va. 2017) (appointment of registered agent to accept service of process in state does not support a finding that venue is proper under § 1400(b) because it has no bearing on whether the defendant maintains a physical place within the district).

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. Because venue appears to be improper in this District, this Court believes that Plaintiff's action is subject to dismissal. Plaintiff will be given thirty (30) days to show cause as to why this action should not be dismissed for lack of proper venue. The Court warns Plaintiff that failure to comply with this Order will result in dismissal of this action.

**Appointment of Counsel**

Finally, Plaintiff has filed a motion for appointment of counsel in this matter. ECF No. 3. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v.*

---

² According to the Missouri Secretary of State website, eBay Inc. has a registered agent for service of process in the state of Missouri. *See* Missouri Secretary of State: Missouri Online Business Filing, https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx? page=beSearch&ID=538884.

*Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as the defendant has not yet been served, and the Court has not issued a Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel [ECF No. 3] is **DENIED without prejudice**.

**IT IS FINALLY ORDERED** that within **thirty (30) days** of the date of this Order, Plaintiff shall show cause why this action should not be dismissed for lack of proper venue. *See* 28 U.S.C. §§ 1391, 1406(a).

Dated this 12th day of October, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE