UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-716 SRW |
| | ) | |
| EBAY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Andrew Walker brings this patent infringement action against Defendant eBay, Inc.  On October 12, 2022, after granting Plaintiff *in forma pauperis* status and reviewing his complaint under 28 U.S.C. § 1915(e)(2), the Court ordered Plaintiff to show cause as to why this action should not be dismissed for lack of proper venue.  Doc. [7].  In response, Plaintiff filed a "Motion to Transfer Case to Proper Venue," seeking a transfer of this action to the state of California.  Doc. [8].  Plaintiff does not specify to which of the four federal district courts in California he seeks transfer.  As discussed below, the Court finds that it is not in the interest of justice to transfer this action.  As such, Plaintiff's motion will be denied, and this case will be dismissed for lack of proper venue.

**Background**

Self-represented Plaintiff is a frequent *pro se* and *in forma pauperis* litigant before this Court.  He brings this patent infringement action against eBay, Inc., which he identifies as a California corporation with its principal place of business in San Jose, California.  Doc. [1 at 1]. Plaintiff describes himself as an inventor who owns Walkerfeller Investors LLC, which "creates, originates, offers for sale, and sells unique aroma fragrant products in the home and garden

markets, on the boardwalk of Venice Beach, and throughout the United States." *Id.* at 1-2. Plaintiff resides in Missouri but Walkerfeller's principal place of business is in Culver City, California, where it "primarily sells its products." *Id.*; *see also* Doc. [8 at 3]. The products sold include a line of "aroma fragrant dispensers" which are covered by Plaintiff's U.S. design patent. Doc. [1 at 2]. Plaintiff alleges that eBay has infringed his rights under his design patent by selling the same types of products – "namely decorative genie bottles" – in direct competition with Walkerfeller. *Id.* at 2-3. Plaintiff attached a copy of his U.S. Design Patent No. D593,191, titled "Fragrant Oil Burning Lamp" and issued May 26, 2009. Doc. [1-3] at 1. Plaintiff seeks monetary damages for lost profits and willful infringement. Doc. [1] at 4-5.

## Legal Standards

### I. Proper Venue in Patent Cases

According to 28 U.S.C. § 1391(b), venue is proper in a civil action brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Furthermore, under 28 U.S.C. § 1400, a "civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Based on controlling Federal Circuit law, Plaintiff bears the burden of establishing proper venue under the patent-specific venue statute §1400(b). *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

In 2017, the Supreme Court clarified that for patent cases brought against domestic corporations, "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 137 S.Ct. 1514, 1517 (2017). Also, the Federal Circuit Court has established three requirements for determining whether a corporate defendant has "a regular and established place of business" within the district: (1) the corporation must have "a physical place in the district"; (2) the place "must be a regular and established place of business" – that is, the defendant's place "must for a meaningful time period be stable [and] established"; and (3) the place must be "the place of the defendant." *In re Cray Inc.,* 871 F.3d 1355, 1360-63 (Fed. Cir. 2017). If any of these three requirements are not met, then venue is not proper under § 1400(b). *Id.* at 1360.

Finally, under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought.

**II.     Sufficiency of the Complaint**

In patent-infringement cases, allegations of direct infringement are governed by the pleading standards of *Iqbal* and *Twombly*. *Golden v. Apple Inc.*, 819 F. App'x 930, 930-31 (Fed. Cir. 2020). Under these standards, to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**Discussion**

Because there is no evidence that Defendant eBay resides in Missouri or has a regular and established place of business here, the Court directed Plaintiff to show cause as to why this case should not be dismissed for lack of proper venue. Plaintiff responded by requesting that "this matter be transferred to the proper venue which is the state of California." Doc. [8 at 1]. However, there are four district courts in California – one of which contains eBay's mailing address in San Jose (Northern District) and another of which contains Plaintiff's place of business for Walkerfeller Investors LLC in Culver City (Central District). *See* 28 U.S.C. § 84(a), (c). Plaintiff, who has the burden of establishing proper venue, does not specify which California district court would be the proper venue for this action. *In re ZTE (USA) Inc.*, 890 F.3d at 1013.

Plaintiff identifies Defendant eBay as incorporated in the state of California with its principal place of business in San Jose, California. Doc. [1 at 1]. However, a search of California businesses on the California Secretary of State's website reveals that "EBAY INC." – an active corporation with a mailing address in San Jose, California – is actually incorporated in the state of Delaware. *See* Business Search, *California Secretary of State*, https://bizfileonline.sos.ca.gov/search/business (search term "eBay Inc.") (last visited Nov. 15, 2022). This suggests that domestic corporation eBay "resides" in the state of Delaware for the purposes of the patent-venue statute.

Consequently, venue would only be proper in California in a district "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Presumably, Plaintiff seeks transfer to the Northern District of California, where eBay has its principal place of business. However, Plaintiff's complaint does not allege that any acts of infringement were committed in that district.

In addition, it is not clear that Plaintiff has adequately stated a claim of patent infringement in his complaint. Plaintiff's design patent is for a "Fragrant Oil Burning Lamp" which he claims is infringed by items sold by eBay that also have a similar "genie bottle" shape. The allegedly infringing items include bottles, salt and pepper shakers, bath toys, decanters, fabric, and toys. Doc. [1-3] at 2-20. "[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Plaintiff's conclusory assertions of infringement are not supported by any factual allegations articulating how the sale of certain products by eBay has infringed his patent.

## Conclusion

Venue is not proper here as Defendant eBay does not reside in Missouri or have a regular and established place of business here. Plaintiff requests transfer to California but he does not name to which district of California he seeks transfer, and it is his burden to establish proper venue. Finally, it is not clear that Plaintiff has sufficiently plead a patent infringement claim. For all of these reasons, the Court finds that it is not in the interest of justice to transfer this action to a different venue. Therefore, this case will be dismissed for lack of proper venue. *See* 28 U.S.C. §§ 1391(b), 1400(b), & 1406(a).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to transfer this case, Doc [8], is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED for lack of proper venue**.

*See* 28 U.S.C. §§ 1391, 1406(a).  A separate Order of Dismissal will be entered separately.

Dated this 16th day of November, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE